Pearson, J.
 

 A Court of Equity will compel the discovery of a secret trust, to enforce it, if lawful, or declare it void, if unlawful, whenever the fact of its not being declared in the conveyance, creating the legal estate, is caused by fraud or circumvention, or is the result of accident or mistake, or the omission is by design, the trust being unlawful and the object of secrecy being to evade the policy of the law ; the Court in all these cases proceeds upon the idea of preventing fraud.
 

 The trust alleged in this case is an expressed
 
 verbal trust,
 
 which the parties did not choose to set out in the deed. It is not admitted by the answer. There is no allegation, that fraud or accident prevented its being set out in the deed. On the contrary, the bill states, that “no written promise or other memorial of this undertaking, on the part of Carloss, was executed, the parties having an unbounded confidence in his honesty and friendship.” So, the question, intended to be raised, is, can a bill of sale for
 
 slaves be added to
 
 by parol proof, so as to show, that, although absolute upon its face, it was upon a trust, no fraud being alleged, and no reason being assigned, why the trust was not expressed in the
 
 deed'!
 

 
 *93
 
 The question is one of much interest. We do not feel at liberty now to dispose of it, because the decision of the case does not make it necessary, and we prefer to put the- decision upon another ground — especially, as the proof made of the trust is very vague and uncertain, com sisting mainly of the recollection of conversations held' with Garloss, in reference to. the slaves, not agreeing as to the- precise nature of the trust, arui stating no facts or circumstances
 
 cle/sars
 
 the deed, so as to make it probable, independent of
 
 mere
 
 words, that there was a trust.
 

 As-to the plaintiff Joseph Winter, the bill must
 
 he
 
 dismissed, because he was not born until after the trust was executed ; and its being for Mrs. Winter and her children) would, in the absence of any words to enlarge the meaning, be confined to the two children, then in
 
 esse..
 

 As to the other plaintiffs, th© bill must fee dismissed!,, because there is nothing to repel the presumption, that-the trust or equitable estate has been satisfied ©r abandoned. The intestate ef the defendant held the slaves, as his own, for nearly twenty years; during which time-there was no. recognition ©f any right
 
 on
 
 the part of the-plaintiffs. This case furnishes a strong illustration of the wise policy of the statute. It is an attempt to. set up a
 
 verbal
 
 trust, after the death ©f the original parties, and after the lapse of 21 years! Mrs. Winter, now Mrs. Brown», married soon after C-ariess took the slaves into possession. No reason can be assigned, why she did not set up her claim
 
 %
 
 there is no saving on account of coverture Ira the Statute, and as a husband has a right to receive satisfaction, release, or abandon an equitable ©state of his wife in slaves, there is nothing to repel the presumption.
 

 Th© same observation is applicable to th© claim of Mrs. Marks and her sister. It may be, that, if the pleadings, had been amended, so as to make the allegation of infancy and set forth the dates ©f their respective marriages,, there might have been something to ¡repel ike pres’amp
 
 *94
 
 tion, as to them ; but there is no such allegation, and, although it is quite probable, that they were both infants at the time the trust was executed, and when Carloss took possession, we are bound by the pleadings.
 

 Per Curiam.
 

 Bill dismissed with costs.